928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William W. MOORE, also known as William W. Ward-Bey,
Plaintiff-Appellant,
v.
FINAL REVIEWING AUTHORITY BOARD AND MEMBERS, Commissioner of
the Indiana Department of Corrections and Jack R.
Duckworth, Superintendent of the Indiana
State Prison, et al.,
Defendants-Appellees.
 No. 90-2535.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 20, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 87 C 420, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED IN PART, REMANDED IN PART.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William W. Moore appeals the dismissal of his federal civil rights action. For the following reasons, we affirm in part and remand in part.
 
 I.
 
 2
 William W. Moore is an inmate at the Indiana State Prison (ISP). The defendants are the Final Reviewing Authority Board and its members, the Commissioner of the Indiana Department of Corrections, Jack R. Duckworth, the warden of the ISP, Captain Kimmel, a correctional officer at the ISP, H. Abbott, Jr., an ISP investigator, Bernard Johnson, the ISP Conduct Adjustment Board (CAB) Chairman, the CAB's members, and John L. Nunn. On July 20, 1987, Moore filed a complaint pursuant to 42 U.S.C. Sec. 1983 in which he alleged that the defendants violated his sixth, eighth, and fourteenth amendment rights in the course of conducting a disciplinary hearing before the conduct adjustment board. Moore had been charged with attempted escape. On December 13, 1987, the district court dismissed the complaint for failure to state a claim, but permitted Moore to amend his complaint on the due process claims.
 
 
 3
 Moore filed an amended complaint in which he alleged that the defendants violated his fourteenth amendment right to due process when they failed to follow various statutorily mandated procedures in conducting the disciplinary hearing. Moore also alleged that defendants Johnson, Duckworth, and Abbott conspired to deprive him of a fair hearing in violation of his due process rights. Finally, Moore alleged that after he was transferred to the Indiana State Farm (ISF), the defendants violated his rights to due process by denying him visitation, recreation, mail (both personal and legal), access to legal materials, his attorney, and the courts.
 
 
 4
 Moore later filed a supplemental complaint in which he realleged the claims asserted in his amended complaint and added a claim that the "Classification Committee", in conducting his annual classification and assignment review, violated his right to due process by classifying him as a "Special Offender" on the basis of the attempted escape. On June 20, 1990, the district court dismissed Moore's supplemental complaint. The district court initially noted that each of the state defendants were immune from claims for monetary damages under the eleventh amendment. The district court then focused on Moore's claim challenging his classification as a "Special Offender". The court concluded that the supplemental complaint failed to state a claim because Moore had no liberty interest in any particular classification; therefore, there could be no due process violation. The district court did not address Moore's other allegations other than to refer to its order of December 13, 1987, and to state that "[i]t does not appear that the plaintiff is here attempting to attack the CAB proceedings for being in violation of the Supreme Court's decisions in Wolff v. McDonnell, 418 U.S. 539, 571 (1974) and Supt., Mass. Corr. Institution at Walpole v. Hill, 472 U.S. 445 (1985)."
 
 
 5
 Moore appeals. He argues that the district court erred in not addressing his due process claims with regard to the CAB's conduct of the hearing on the attempted escape charge. Moore also argues that the district court erred in concluding that the complaint failed to state a constitutional basis for any claim.
 
 II.
 
 6
 On review of a motion to dismiss, we must accept the well-pleaded factual allegations of the complaint as true and will affirm a dismissal only if the plaintiff has failed to allege any set of facts upon which relief may be granted. See Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). We review the district court's dismissal of the complaint for failure to state a claim de novo. See Janowsky v. United States, 913 F.2d 393, 395 (7th Cir.1990).
 
 
 7
 Moore's first argument is that the defendants[1] violated his right to due process by classifying him as a "Special Offender" without a hearing and without making written findings in support of their decision. This classification makes Moore ineligible for work release programs, out-custody, and furloughs. The district court correctly concluded that Moore had failed to state a due process claim with regard to his classification. Before a person is entitled to the protection of due process, a life, liberty, or property interest must be identified. See Shango v. Jurich, 681 F.2d 1091, 1097 (7th Cir.1982). Indiana prisoners have no liberty interest in their security classifications, see Kincaid v. Duckworth, 689 F.2d 702, 704 (7th Cir.1981), cert. denied, 461 U.S. 946 (1983), and a state-created procedural right is not a liberty interest in itself. See Shango, 681 F.2d at 1101; cf. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Section 11-10-1-6 of the Indiana Code addresses the subject of the annual review of an inmate's classification and assignment. I.C. 11-10-1-6 directs prison officials to consider a number of factors, which it notes are not exhaustive, but it does not place substantive limits on official discretion in classifying inmates or mandate any particular outcome. It sets forth procedural requirements, but this is insufficient to create a liberty interest. See Shango, at 1101. Consequently, the defendants' decision to classify Moore as a "Special Offender" need not comply with the due process requirements of the fourteenth amendment.
 
 
 8
 Moore's second argument on appeal is that the district court erred in failing to address his other due process claims. The district court noted that it did not appear that Moore was attempting to attack the CAB proceeding for due process violations. In the amended complaint, however, Moore does complain that the defendants failed to follow various procedures in processing the charge of attempted escape and that defendants Johnson, Duckworth, and Abbott conspired to deprive him of a fair hearing. Although the district court did not address these claims, because our review is de novo, we will do so now.
 
 
 9
 Moore contends that the defendants violated his right to due process when they did not provide him a hearing within five days from the date he received the conduct report for attempted escape. The five-day requirement is allegedly in violation of the "Adult Authority Disciplinary Policy Procedures." Moore received the conduct report on December 26, 1986. The hearing was not scheduled until January 9, 1987.[2] Accepting that there is such a five-day requirement, the hearing clearly was held beyond the five-day requirement. This failure to comply with the five-day requirement, however, does not amount to a due process violation of constitutional magnitude. See Caruth v. Pinkney, 683 F.2d 1044, 1052 (7th Cir.1982) (per curiam), cert. denied, 459 U.S. 1214 (1983). The requirements of due process are determined with reference to federal standards, see Shango, 681 F.2d at 1097-98, which do not impose such a requirement. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974).
 
 
 10
 Moore also contends that the defendants violated his right to due process when they refused to provide him with copies of the accusing witnesses' statements. Defendants asserted that their denial was based on security concerns. Inmates do not have a right to confront and cross-examine witnesses in a disciplinary hearing under the federal Constitution. However, section 11-11-5-5(6) of the Indiana Code provides that in connection with a disciplinary hearing, an inmate "is entitled to ... (6) Confront and cross-examine witnesses, unless the person conducting the hearing finds: (A) That to do so would subject a witness to a substantial risk of harm." It is left to the hearing officer's discretion to determine whether a witness would be subject to a substantial risk of harm. While the statute specifies the limited situations in which the hearing officer may deny an inmate's request that he be allowed to confront and cross-examine witnesses, this section does not provide substantive predicates to guide the hearing officer's discretion in deciding, for instance, when a witness would be subject to a substantial risk of harm. The statute does not contain the requisite substantive predicates which, if satisfied, mandate a particular outcome. Consequently, the statute does not create a liberty interest in receiving copies of the accusing witnesses' statements. Moore argues that he was not interested in the identities of the accusing witnesses, but that he merely wanted to know the defendants' basis for crediting the witnesses' reliability. Challenging credibility is one primary objective of cross-examination. That this was Moore's objective does not change the fact that the hearing officer could reasonably conclude that the witnesses could be identified by the contents of their statements which could have exposed the witnesses to a substantial risk of harm. That determination was left to the hearing officer's discretion and is not subject to a due process challenge.
 
 
 11
 Moore next argues that the defendants violated his right to due process when they conspired to deprive him of a fair hearing before an impartial decisionmaker in the course of the disciplinary hearing on the attempted escape charge. Moore specifically alleged that at the end of the disciplinary hearing on January 20, 1987, Johnson, the hearing officer, indicated that the evidence was insufficient to support a conduct violation and returned the case to investigator Abbott with no disposition. Moore also alleged that later that day, Abbott, Duckworth, and Johnson met and conspired to dispose of the charge despite the lack of evidence. Moore alleged that on January 21, 1987, he received a written disposition finding him guilty of attempted escape and imposing punishment.
 
 
 12
 The district court did not address this claim. The defendants do not address it in their brief. Accepting these allegations as true and drawing reasonable inferences from them, we cannot conclude that they fail to state a claim of a due process violation. Due process is meaningless if a hearing is not fair. Although it appears that Moore received due process in the hearing that resulted in an initial decision that the evidence was insufficient to support the charge of attempted escape, the alleged ex parte "hearing" at which Abbott, Duckworth, and Johnson were purportedly present appears suspect. At the first hearing, Johnson had concluded that the evidence was insufficient. After the second "hearing," presumably some evidence surfaced to support the finding of guilty. Wolff requires that an inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense. See Wolff, 418 U.S. at 566. Defendants effectively reopened the case and continued the hearing in absentia which precluded Moore from addressing defendants' new evidence. We believe that the allegations of the complaint on this issue of a conspiracy to deprive Moore of a fair hearing are sufficient to withstand a motion to dismiss. We therefore remand this case to the district court for further proceedings consistent with this order on this issue.
 
 
 13
 Moore finally argues that the defendants violated his right to due process by denying him visitation, recreation, access to legal materials, his attorney, and the courts while at the ISF. To state a claim under section 1983, a plaintiff must allege that a defendant was either directly responsible for the claimed deprivation or that a supervisory official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act. See Wilks v. Young, 897 F.2d 896, 898 (7th Cir.1990) (citing Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986)). Moore alleged that Duckworth and Abbott directly caused him to be segregated and transferred to the ISF. This is not sufficient to establish that Duckworth and Abbott, employees at the ISP, directly or indirectly caused the alleged deprivations at the ISF. Consequently, Moore has failed to state a claim in this regard.[3]
 
 III.
 
 14
 As for Moore's claims that the defendants violated his right to due process by failing to follow state procedures in conducting the hearing on the attempted escape charge and in classifying him as a "Special Offender", and by denying him visitation, recreation, access to legal materials, his attorney, and the courts, the judgment of the district court is AFFIRMED. As for Moore's claim that defendants Abbott, Duckworth, and Johnson conspired to deprive him of a fair hearing in violation of due process, the cause is REMANDED to the district court for further proceedings.
 
 
 15
 AFFIRMED in part; REMANDED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court int his case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although we will address the merits of Moore's claim, we note a fundamental problem with the complaint. Moore alleges that it was the "Classification Committee" that classified him as a special offender without due process at his annual review. It is unclear, however, that any of the defendants named in the complaint served on this committee and thus whether they have any connection to this claim. As for Moore's claims that the defendants violated his right to due process in conducting the disciplinary hearing on the attempted escape charge, the defendants' involvement is alleged in the complaint
 
 
 [2]
 The hearing was actually held on January 20, 1987, after Moore requested a continuance
 
 
 [3]
 In his brief on appeal, Moore for the first time argues that this was also a violation of his first amendment rights. Because Moore has not made this argument in the district court, it is waived. See Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 110 S.Ct. 1476 (1990)